IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM P. ERICKSON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV215 |
| v. | ) ) | |
| CREDIT BUREAU SERVICES, INC., and DANIEL A. MARTIN, | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on the defendants' motion to dismiss plaintiff's first amended complaint, Filing No. 27. This is a purported class action for damages and injunctive relief for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.* The defendants assert that the plaintiff has failed to state a claim upon which relief can be granted.

In his complaint, the plaintiff alleges that the defendants, in a series of communications attached to the complaint, violated several provisions of the FDCPA, specifically 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f(1), 1692g(a), and 1692f(1). He alleges that defendants wrongfully attempted to collect prejudgment interest that was not authorized by the agreement creating the alleged debt or permitted by law. The plaintiff further alleges that defendants failed to comply with Neb. Rev. Stat. § 45-104 prior to adding prejudgment interest to the collection account. He also alleges that defendants failed to provide proper and correct notice of the consequences of the failure to request validation of the alleged debt as required by 15 U.S.C. § 1692g(a). Further, he alleges that

the letters the defendants sent were false, deceptive and misleading, that defendants made misrepresentation in the collection of a debt and created confusion concerning the identity of the collectors, and that "[b]y using the name Credit Bureau Service, Inc. in its collection activities when that name makes the false representation or implication that a debt collector operates or is employed by a consumer reporting agency." The plaintiff also alleges that the conduct of the defendants violated the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 8(a)(2), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above

2

the speculative level." *Twombly*, 550 U.S. at 555-56.  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

    *Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at —, 129 U.S. at 1949-50.  Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense."  *Id.* at —, 129 S. Ct. at 1950.  Accordingly, when a complaint contains well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id.*

    Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.  *Twombly*, 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P 12(b)(6).  *Twombly*, 550 U.S. at 558; *Iqbal*, — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to

3

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — 'that the pleader is entitled to relief.'").

The Fair Debt Collection Practices Act "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).  For example, the Act provides that a debt collector may not use violence, obscenity, or repeated annoying phone calls, may not falsely represent the character, amount, or legal status of any debt, and may not use various unfair or unconscionable means to collect or attempt to collect a consumer debt. *Id.; see Peters v. General Service Bureau, Inc.,* 277 F.3d 1051, 1054 (8th Cir. 2002). (stating that the FDCPA contains "general prohibitions on 'conduct the natural consequence of which is to harass, oppress, or abuse any person' (15 U.S.C. § 1692d), the use of 'any false, deceptive, or misleading representation or means' (15 U.S.C. § 1692e), and any 'unfair or unconscionable means to collect or attempt to collect a debt.' (15 U.S.C. § 1692f)."  The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage. *Id.*

In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer.  *Id.* at 1055. "The unsophisticated consumer test is a practical one, and statements that are merely 'susceptible of an ingenious misreading' do not violate the FDCPA."  *Id.* at 1056 (quoting *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000)).

The Nebraska Consumer Protection Act provides that it is unlawful to engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of

4

any trade or commerce.  Neb. Rev. Stat. § 59–1602; *see* *State ex rel. Stenberg v. Consumer's Choice Foods, Inc.*, 276 Neb. 481, 755 N.W.2d 583, 590 (Neb. 2008).

The court finds the plaintiff's first amended complaint states a claim under both the FDCPA and the NCPA.  The factual allegations of the complaint are sufficient to present plausible claims.  The collection letters at issue are not merely susceptible of an ingenious misreading, and could be considered misleading from the perspective of an unsophisticated consumer.  Accordingly, the court finds the defendants' motion to dismiss should be denied.

IT IS ORDERED:

1.  Defendants' motion to dismiss (Filing No. 27) is denied.

2.  Defendants shall file an answer within 14 days of the date of this Memorandum and Order.

DATED this 1st day of November, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.