IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM P. ERICKSON, behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., et al.,<br><br>Defendants. | Case No.: 8:11-CV-215<br><br>CLASS ACTION |

**ORDER GRANTING CERTIFICATION OF SETTLEMENT
CLASS, PRELIMINARY APPROVAL OF SETTLEMENT
AND NOTICE TO CLASS**

AND NOW, this 22 day of August, 2012, upon consideration of the Unopposed Motion for Certification of Settlement Class and for Preliminary Approval of Settlement and Notice to Class (Filing No. 101), the Court having reviewed such Joint Motion and the Settlement Agreement with supporting papers; and

The Court finds that the following settlement class should be certified:

All persons with addresses in Nebraska (b) to whom Defendants sent, or caused to be sent, a letter attached as Exhibit A, B, and/or C to Plaintiff's Second Amended Complaint (Filing No. 58) (c) in an attempt to collect an alleged debt (d) which, as shown by the nature of the alleged debt, Defendants' records or records of the original creditors, was primarily for personal, family, or household purposes (e) during the one year period prior to the date of filing this action through the date of class certification.

Defendants state that the number of Class size is large but agree that the class shall not exceed 22,500 members.

The court also appoints William P. Erickson as class representative, and Pamela A. Car, William L. Reinbrecht and O. Randolph Bragg are appointed as Class Counsel.

1

IT IS THEREFORE ORDERED THAT:

1. The above settlement Classes are hereby certified and the proposed settlement as set forth in the settlement agreement (Filing No. 103, Exhibit "1") executed by the parties is preliminarily approved as fair, reasonable, and adequate, subject to a hearing for final approval pursuant to Fed.R.Civ.P. 23 (c), and (e).

2. A hearing ("Final Approval Hearing") is hereby set for **January 24, 2013,** at **1:00 P.M.** in courtroom 3, Roman Hruska United States Courthouse, 111 S. 18th Plaza, Omaha, NE 68102, to determine whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved; and to consider an award of reasonable attorney fees and expenses pursuant to law, and an award to the class representatives.

3. Notice of the proposed settlement and of the Final Approval Hearing shall be given by a First Class mailing of the Notice of Class Action and of Proposed Settlement (the "Notice") in substantially the form attached as Exhibit 2 to the Evidence Index (Filing No. 103) filed herewith, individually addressed to each person meeting the above class definitions at his or her last known address in Defendants' records within **60** days after the date of this Order. Such notice may be edited to condense them according to the recommendation of the class administrator or otherwise to save cost and expense.

4. Distribution of the Settlement Fund shall be made on a claims made basis, *i.e.*, Class Members who wish to claim their *pro rata* share of the Settlement Fund must submit a claim in the form that will accompany the Class Notice. The Settlement Fund will be divided equally among all Class Members who timely submit claim forms. All distribution checks to the Class will expire after 120 days of issuance, and any undistributed funds represented by any uncashed checks will be distributed as a *cy pres* distribution to the Legal Aid of Nebraska for use in

consumer representation and/or consumer education.

5. Any member of the class may opt out of the class at any time prior to the expiration of 35 days from the date of the Notice. To opt out of the class, a class member must prepare and return a request for exclusion as described in the Notice, which request for exclusion shall be post marked no later than thirty five (35) days from the date on the Notice ("the Opt out date"). Any member of the class who opts out shall not be subject to the settlement agreement or any final order in this case.

6. No member of the class, or any other person, shall be heard at the final approval hearing in opposition to the settlement class certification, the class settlement class counsels' attorney fees and expenses, or the proposed payments to the class representatives UNLESS such class member files with the clerk of the court and serves upon class counsel, and upon the Defendants' counsel the following: (1) a statement of each objection being made; (2) a detailed description of the facts underlying each objection; (3) a detailed description of the legal authorities underlying each objection; (4) a statement of whether the objector intends to appear at the final hearing; (5) a list of witnesses whom the objector may call with a summary of each witnesses' anticipates testimony; and (6) a list of exhibits which the objector may offer during the final approval hearing together with true copies of all the exhibits.

7. Class members, and any other persons objecting, shall file such notices and objections with the Court and serve such notice of objection on class counsel and counsel for the Defendants no later than 35 days from the date of said notice. Class members and any other persons who fail to properly or timely file their notices and objections with the Court, or fail to timely serve said notices and objections on class counsel and Defendants' counsel, shall not be heard during the Final Approval Hearing and the Court will not consider their objections.

However, such objectors shall remain fully entitled to opt out of the Class through the opt out date. Any notice required by this paragraph shall be served on class counsel by mail or fax. No objection shall be heard by the court which does not comply with these requirements, which is not timely filed with the court, or which is not timely served on listed counsel.

      8.  This Order shall not be construed or deemed to be a finding of this court or evidence of a presumption, implication, concession, or admission by Defendants concerning (a) any liability, fault, or wrongdoing by Defendants, (b) the appropriateness or measure of any alleged loss or damages. If the settlement agreement is terminated pursuant to its terms or is not consummated for any reason, whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED:

Dated:    August 24, 2012

                          BY THE COURT:

                          *s/ Joseph F. Bataillon*
                          United States District Judge