IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM P. ERICKSON, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., PROFESSIONAL CREDIT MANAGEMENT, DANIEL A. MARTIN, And C. J. TIGHE,<br><br>Defendants. | 8:11CV215<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's motion for attorney fees, Filing No. 119. This is a class action for violations of the Fair Debt Practices and Collection Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA" or "Act"), and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.*

I.   FACTS

The parties have entered into a Settlement Agreement that resolves this litigation. Filing No. 103, Ex. 1. The Settlement Agreement includes payment of the plaintiff's costs and attorney fees, as determined by the court. *Id.* The settlement agreement provides that the plaintiff class is the prevailing party in this litigation. Filing No. 103, Ex. 1, Settlement Agreement at 3. In the agreement, the defendants have agreed to pay statutory damages of $25,000.00 (1% of the defendants' net worth) to the Class and $5,000.00 to Mr. Erickson for his statutory damages and services as class representative. *Id.* at 10-11. Further, the defendants agreed to change the collection letters that are the subject of the action and to pay the costs of class administration and of class notice. *Id.* at 11. The settlement agreement also provides that the defendants

will pay the attorney fees and costs awarded in this case and in addition to the funds the class members receive. *Id.*

The court held a fairness hearing on the parties' joint motion for final approval of class settlement, as well as a hearing on lead plaintiff's motion for attorney fees and defendants' objections thereto. No one appeared at the hearing to object to the class settlement. No objections to the settlement were filed. See Filing No. 127, Ex. 1, Declaration of Jeffrey Gyomber at 3. Defendants state that although they have admitted no wrongdoing, they have agreed to modify their standard form collection letter "in order to avoid future nuisance lawsuits of this kind." Filing No. 123, Defendants' Brief in Support of Opposition to Plaintiff's Motion for an Award of Costs and Attorneys' Fees at 2. The court will enter a Final Order Approving the Settlement upon resolution of the fee issue.

At the hearing, the court took judicial notice of the documents filed in connection with the plaintiff's motion for fees. See Filing Nos. 119, 121, 125, 122, 128, and 129. The notice disseminated to the class informed class members that the lead plaintiff would seek an award of fees. See Filing No. 103, Index of Evid., Ex. 2, Proposed Notice of Proposed Settlement at 3. Other than the defendants' objection, no objections or other responses to the motion for an award of fees have been filed and the time for filing objections has expired. At the hearing, the parties represented to the court that the settlement amount of $25,000 represented 1% of the defendants' total net worth and thus was the maximum amount the plaintiff class could recover under 15 U.S.C. § 1692k(2).

The court is familiar with the litigation.  Although the action may have been settled before either side took depositions, there was extensive written discovery and significant motion practice and briefing.  The record also shows that the parties engaged in extended negotiations regarding settlement.

In support of their motion, plaintiffs have shown that attorney O. Randolph Bragg has expended a total of 111.8 hours through December 9, 2012.  Filing No. 121, Index of Evid., Ex. A, Declaration of O. Randolph Bragg.  Mr. Bragg's paralegal, Shannon Carter, expended a total of 2.5 hours on this litigation.  *Id.*  Attorney O. Randolph Bragg requests an hourly rate for his services in the amount of $450.00 per hour, which is lower than his regular hourly rate of $495.00 per hour, and Ms. Carter requests compensation at the rate of $125.00 per hour.  *Id.*  The total lodestar calculation for Mr. Bragg's office regarding this litigation through December 9, 2012, is $50,631.50.  *Id.*, Ex. A-5, time records.

Lead counsel Pamela A. Car has shown she expended a total of 68.97 hours on the litigation through December 9, 2012.[1]  Filing No. 121, Ex. B, Declaration of Pamela Car ("Car Decl."), Ex. B-6, time records.  Ms. Car seeks an hourly rate of $275.00 for time expended on the matter.  *Id.,* Ex. B, Car Decl. at 5.  At that hourly rate, Ms. Car seeks $18,499.25 in attorney fees.  *Id.* at 6.  Plaintiff's attorney William L. Reinbrecht seeks fees for 105.34 hours of work at the rate of $250.00 per hour, amounting to

---

[1] The court's review of Ms. Car's submissions shows that approximately 1.7 hours of time was listed on time records as being billed at "no charge," presumably as duplicative of another attorney's efforts.  *See* Ex. A-5, time records at 2, 5.  Accordingly, her hours should be 67.2, rather than 68.97.  The total she seeks, $18,499.25, is the correct calculation of fees for 67.2 hours at $275 per hour.

3

$25,384.00.² Filing No. 121, Index of Evid., Ex. C, Declaration of William L. Reinbrecht ("Reinbrecht Decl."). Ex. C-7, time records. All attorneys have submitted detailed time records. Filing No. 121, Exs. A-5, B-6, & C-7. Attorneys Bragg, Reinbrecht and Car have also shown they have extensive experience litigating consumer cases and have achieved similar awards in other cases. *Id.*, Exs. A, B, & C. Further, Mr. Reinbrecht has shown he has reduced the hours billed where appropriate. *Id.*, Ex. C, Reinbrecht Decl. at 5. Plaintiffs further seek an award of costs in the amount of $689.37. Filing No. 121, Ex. 7, Bill of Costs.

Plaintiffs have also filed supplemental declarations and supporting documentation seeking fees for work performed since their original application for fees in the amounts of $3,517.50 for William Reinbrecht, $2,090 for Pamela Car and $6,847.50 for O. Randolph Bragg. Filing No. 128, Index of Evid., Ex. E, Supplemental Declaration of Pamela A. Car; Ex. E-2, Supplemental Time Records; Ex. F: Supplemental Declaration of William L. Reinbrecht; Ex. F-3, supplemental time records; Ex. G: Supplemental Declaration of O. Randolph Bragg; Ex. G-4, supplemental time records. In total, plaintiffs seek fees and costs in the amount of $107,659.12. *Id.*, Ex. D, Chart.

The defendants object to the award of fees. Filing No. 122. They argue that the hourly rate of $450 per hour for work performed by plaintiffs' Chicago counsel is unreasonable in the local market. Further, they assert that the hourly rates sought by

---

² Mr. Reinbrecht's hours similarly do not reflect 3.5 hours of time listed as "no charge" for preparation of an objection to an order denying production of a class list. See Filing No. 121, Ex. C-7 at 13. Reinbrecht's submission shows that he performed 101.84 hours of work up to the time of the application for fees, which would amount to $25,460.00 at $250 an hour.

4

local counsel are unreasonable, arguing that a reasonable rate would be no more than $225.00 per hour. Defendants contend that any fee award be limited to no more than a maximum of $60,000, which is double the total amount of benefits obtained for the class and lead plaintiff combined. They also argue that certain charges are duplicative and or excessive.

II. LAW

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorney's reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244-45. It is within the court's discretion to decide which method to apply. *Id.* The percentage-of-recovery methodology has been approved in common-fund settlement class action cases. *See, e.g., In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving an award of 36% of the settlement fund); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (approving award of 24% of monetary compensation to the class). To recover fees from a common fund, attorneys must

demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process. *In Re US Bancorp Litig.*, 291 F.3d at 1038

Under the FDCPA, in addition to compensatory damages, district courts are empowered to award individual plaintiffs "additional damages" of up to $1,000 per consumer. 15 U.S.C. § 1692k(a)(1) &(2). In the case of a class action, each named plaintiff can recover compensatory and "additional damages" of up to $1,000, and "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §§ 1692k(2)(B).

Plaintiffs who prevail under the Fair Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir.1995) (holding that the award of attorney's fees to plaintiffs for a debt collector's violation of "any provision" of the FDCPA is mandatory); *see also Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir.1989) (the award of attorney's fees to a successful plaintiff in an FDCPA action is mandatory); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-29 (4th Cir.1995) (an award of attorney's fees under the FDCPA is mandatory in the absence of bad faith conduct on the part of the plaintiff); *Graziano v. Harrison*, 950 F.2d 107, 114 & n. 13 (3d Cir.1991) (same). The Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano,* 950 F.2d at 113; *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (noting that "[t]hough the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, Congress encouraged private

6

enforcement by permitting aggrieved individuals to bring suit as private attorneys general") (citation omitted).

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (stating that "[n]ormally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."). Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart,* 461 U.S. at 433-37; *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012). "At that point, other factors 'may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Marez*, 688 F.3d at 965 (quoting *Hensley*, 461 U.S. at 434). The district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).[3] See *Marez*, 688 F.3d at 966 n.4.

The market value in the relevant legal community of the legal services performed is used to determine a reasonable attorney fee. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (stating "[i]n communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

normally reflect the training, background, experience and skill of the individual attorney."). Reimbursement for work performed by out-of-town lawyers charging out-of-town rates is generally permitted only when in-town counsel with expertise in a particular area cannot be located. *See, e.g., Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 140-41 (8th Cir. 1982).

III. DISCUSSION

The court finds that the plaintiff class, as the prevailing party, is entitled to attorney fees. The plaintiff class has achieved a significant degree of success in that it has recovered the maximum amount of statutory damages under the FDCPA and Nebraska Consumer Protection Act. Significantly, they have also achieved prospective relief in that the defendants have agreed to make changes in their form collections letters. The request for fees was disclosed in the notice of the settlement and no class members have objected to the settlement or to the motion for fees. The plaintiffs have demonstrated that counsels' services have benefitted the class. The defendants agreed to an award of fees that will not diminish the award to the class.

The court has reviewed the declarations of counsel and time records submitted in connection with the motion. The court is familiar with hourly rates in this community and with the skill and abilities of the attorneys involved in this litigation. The court finds the time and labor expended by lead counsel in this case is reasonable and necessary to prosecute a case of this nature. The defendants' vigorous defense of the suit added to the plaintiffs' fees. The court also finds, based on its familiarity with fees in this community, that hourly rates of $275 for Ms. Car and $250 for Mr. Reinbrecht are appropriate in view of their skill and experience and in view of the complexity of class-

action consumer litigation. These amounts are in line with fee awards in other cases. Paralegal fees of $125.00 an hour are also reasonable in this community. Accordingly, plaintiffs are entitled to a fee award of $20,589.25 for the services of Pamela Car (representing 74.87 hours at $275.00 per hour); $28,977.50 for the services of William Reinbrecht (115.57 hours at $250.00 per hour); and $725 for the services of paralegal Shannon Carter (5.8 hours at $125.00 per hour).

However, with respect to out-of-town counsel O. Randall Bragg, the court finds that although Mr. Bragg may well command and deserve an hourly rate of over $450 in Chicago and similar cities, a rate of $450 per hour for this sort of legal work is out of line with rates in Omaha, Nebraska. The plaintiffs have not shown that it was difficult or impossible to prosecute this action using only local counsel or that it was necessary for the plaintiff class to pay out-of-town rates in order to attract competent counsel. In light of the finding that competent attorneys for this type of action can be found locally, the court finds the hourly rate for Mr. Bragg's services should be reduced to $300 per hour. This rate accounts for the difference in local attorney fees, the size of the award, and the complexity of the case Accordingly, the court will award fees for Mr. Bragg's services in the amount of $37,830, which represents 126.1 hours at the rate of $300 per hour.

Lead plaintiffs also seek reimbursement of $689.37 in costs and expenses for the filing fee, service of summons, photocopies, postage and conference-call fees. All of these expenses are recoverable as costs. The defendants have no objection to an award of costs. The court has reviewed the bill of costs and finds that the costs are fair and reasonable and were necessary to prosecute the claims on behalf of the class. The

court finds that the plaintiffs' motion for an award of costs in the amount of $689.37 should be granted.

IT IS ORDERED:

1. The plaintiff class's motion for attorney fees (Filing No. 119) is granted.

2. The plaintiff class is awarded fees in the amount of $37,830 for the services of O. Randall Bragg; $20,589.25 for the services of Pamela Car; $28,977.50 for the services of William Reinbrecht; and $725 for the services of paralegal Shannon Carter, for a total attorney fee award of $88,121.75

3. Costs in the amount of $689.37 are awarded to the plaintiff class.

4. A judgment for attorney fees in conformity with this Memorandum and Order will issue the date.

Dated this 22nd day of February, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge