IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM P. ERICKSON, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., PROFESSIONAL CREDIT MANAGEMENT, DANIEL A. MARTIN, And C. J. TIGHE,<br><br>Defendants. | 8:11CV215<br><br>**AMENDED<br>FINAL ORDER APPROVING CLASS SETTLEMENT** |

This matter is before the court on the parties' joint motion for final certification of the class and final approval of a proposed class settlement, Filing No. 129. This is a class action for violations of the Fair Debt Practices and Collection Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.*

I. FACTS

The following settlement class (hereinafter, collectively, "plaintiff class") has been preliminarily certified:

> All persons with addresses in Nebraska (b) to whom Defendants sent, or caused to be sent, a letter attached as Exhibit A, B, and/or C to Plaintiff's Second Amended Complaint (Filing No. 58) (c) in an attempt to collect an alleged debt (d) which, as shown by the nature of the alleged debt, Defendants' records or records of the original creditors, was primarily for personal, family, or household purposes (e) during the one year period prior to the date of filing this action through the date of class certification.

Filing No. 105. This court preliminarily approved the proposed settlement agreement (Filing No. 103, Ex. 1) as fair, reasonable, and adequate, subject to a hearing for final

approval pursuant to Fed. R. Civ. P. 23 (c), and (e), and approved the parties' notice of the settlement and fairness hearing thereon. Filing No. 105. The Notice of the Proposed Partial Settlement of Class Action & Fairness Hearing was provided to members of the class by first class U.S. mail. Filing No. 127, Amended Notice of Filing Declaration, Ex. 1, Declaration of Jeff Gyomber ("Gyomber Decl."). The number of class members submitting claims is 1,952 and 16 class members have opted to be excluded from the class. *Id.* The objection deadline has passed and no objections were filed or presented to counsel or to the class administrator. Filing No. 129, Motion at 2. The court finds the class should be certified for settlement purposes.

A fairness hearing was held on January 24, 2013. Attorneys Pamela A. Car and William L. Reinbrecht appeared as lead counsel for the lead plaintiffs. No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object. The court takes judicial notice of the Settlement Agreement. Filing No. 103, Ex. 1 (Part 1, Doc # 103-1, Page ID # 578-90; Part 2, Doc # 103-2, Page ID # 591-601). The Settlement Agreement is incorporated herein as if fully set forth.

The Settlement Agreement will settle lead plaintiff's claims against the defendants in this action. The agreement provides that the defendants shall pay to the class a total Settlement Fund of $25,000.00 as actual and statutory damages under 15 U.S.C. § 1692k, and will pay $5,000 to lead plaintiff William Erickson for his statutory damages and his services as class representative. *Id.* at 10. Further, the defendants agree to change the form collection letters that are the subject of this litigation. *Id.* The settlement fund will provide for payment to class members of a pro rata share of the

settlement fund, amounting to the sum of $12.80 for each class member. See Filing No. 127, Gyomber Decl. at 12. The defendants also agree to pay the costs of class notice and costs, litigation expenses and reasonable attorney fees in an amount determined by the court. Filing No. 103, Ex. 1, Settlement Agreement at 10. The court has determined that an attorney fee award in the amount of $88,811.12, plus $689.37 in costs, is appropriate in this case. *See* Filing No. 132, Memorandum and Order; Filing No. 133, Judgment.

    II.  LAW

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 931 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted)). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved. *See DeBoer,* 64 F.3d at

3

1178.  A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits.  *Id.*  With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to district court.  *Id.* at 1176.

III.  DISCUSSION

The court finds that the requirements of due process have been met as to the method and content of the notice to the class members.  The court has reviewed the notices and proofs of service and finds them satisfactory.

The court further finds that the settlement agreement is fair and reasonable and adequate to compensate class members.  Based on the court's familiarity with the case, the court concludes that the proposed settlement is within the range of potential outcomes in this case.  There are grounds for differences of opinion on issues of liability and the strength of the plaintiff class's case is tempered by the defendants' vigorous defense of its position and the limits on statutory damages and the defendants' financial condition.  The settlement agreement will resolve any issues with respect to liability and damages.  In addition to providing some monetary compensation to class members, the proposed settlement provides the important benefit of payment of attorney fees and expenses without diminishing the class members' recovery.  Further, in the settlement agreement defendants, without admitting liability, agree to provide prospective relief in the form of changes in future form collection letters.  The monetary benefits to the plaintiff class are constrained by the statute's limitation of a statutory award to 1% of a defendant's net worth.  The court finds the parties negotiated the settlement at arms length.  Under the circumstances, the court finds the settlement is fair, reasonable,

adequate and in the best interests of the class.  Also, there have been no objections to the settlement.  The court finds that the proposed Settlement Agreement should be approved.  Accordingly,

IT IS ORDERED:

1. The motion for final approval of class certification (Filing No. 129) is granted.

2. This action is certified as a class action under Fed. R. Civ. P. 23(b)(2) composed of:

> All persons with addresses in Nebraska (b) to whom Defendants sent, or caused to be sent, a letter attached as Exhibit A, B, and/or C to Plaintiff's Second Amended Complaint (Filing No. 58) (c) in an attempt to collect an alleged debt (d) which, as shown by the nature of the alleged debt, Defendants' records or records of the original creditors, was primarily for personal, family, or household purposes (e) during the one year period prior to the date of filing this action through the date of class certification.

3. The Settlement Agreement (Filing No. 103, Ex. 1 (Part 1, Doc # 103-1, Page ID # 578-90; Part 2, Doc # 103-2, Page ID # 591-601)) is approved and incorporated herein by reference.

4. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The settlement administrator shall distribute the funds from the settlement fund to the class members and lead plaintiff as set forth in the Settlement Agreement and shall account to the Class Counsel and the court for such payments.

6. Any undistributed funds represented by any uncashed checks will be distributed as a *cy pres* distribution to the Legal Aid of Nebraska for use in consumer representation and/or consumer education.

7. The plaintiff class is awarded $88,811.12 in attorney fees.

8. The plaintiff class is awarded costs in the amount of $689.37.

9. The following class members have opted out of the settlement and are not bound by this Final Judgment and Order Approving class settlement:

Estella Andrade
Patricia L. Cox
Ashley Davis
Cherie M. Foote
John C. Hall
Nicole A. Jesse
Bill Kerry
Joan Figueroa Lebron
Joseph Low
Jeremy McConnell
Connie Mendez
Cynthia Parra
Brian Sibert
Michael Snodgrass
Bradley A. Tittel
Tony Wuestewald

10. The court retains jurisdiction of this matter in order to resolve any disputes that may arise in the implementation of the Settlement Agreement or the implementation of the Final Order Approving Class Settlement.

DATED this 22nd day of February, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge